Filed 9/30/20  P. v. Miranda CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ABRAHAM NERI MIRANDA,<br><br>    Defendant and Appellant. | G057852<br><br>(Super. Ct. No. 19HF0056)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Lance Jensen, Judge.  Affirmed in part and remanded for resentencing.

Jeanine G. Strong, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Senior Assistant Attorney General, Steve Oetting and Anthony Da Silva, Deputy Attorneys General, for Plaintiff and Respondent.

## INTRODUCTION

Appellant Abraham Miranda has identified two issues in this appeal. The first is the striking of his one-year sentence enhancement under the newly-enacted amendment to Penal Code section 667.5, subdivision (b). The Attorney General agrees. The second issue arises from *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*). Miranda asserts that his due process rights were violated because he had no hearing on his ability to pay before fines, fees, and assessments were imposed upon him. The Attorney General disagrees.

We agree with the Attorney General on both issues. The one-year enhancement is stricken, and the case is returned to the trial court for resentencing. Having found no due process violation in the matter of fees, we affirm the remainder of the judgment.

## FACTS

Miranda was charged with felony assault and criminal threats after he and his brother both got into an altercation with other people at a construction site. A jury convicted him of misdemeanor assault (as a lesser included offense) and criminal threats. He also had a prior felony conviction for which he had served a prison term.

Miranda was sentenced in June 2019 to two years in prison, the middle term, on the criminal threats count and a one-year enhancement for the prison prior.[1] He was also assessed a $40 court operations fee, a $30 conviction fee, and a $300 restitution fine. A $300 parole revocation fine was suspended unless parole was revoked. Miranda's counsel "note[d]" her "objection to any fines and fees pursuant to the *Dueñas* case" and submitted, without asking for a hearing. Miranda was not charged the fee ($2,762.17) for his probation report.

---

[1] The sentence for assault, a misdemeanor, was to be served concurrently.

## DISCUSSION

### I. Sentence Enhancement

Effective January 1, 2020, Senate Bill No. 136 (SB 136) amended Penal Code section 667.5, subdivision (b), to limit the imposition of one-year prior prison enhancements to sexually violent offenses as defined by Welfare and Institutions Code section 6600, subdivision (b). Miranda's prison prior (for burglary) is not among the sexually violent offenses eligible for one-year enhancements under the current version of Penal Code section 667.5, subdivision (b). Under law applicable at the time of sentencing, however, the prison prior resulted in a consecutive one-year prison term being added to Miranda's term of imprisonment. (Stats. 2018, ch. 423, § 65 [prior version of § 667.5, subd. (b), applicable in 2019].)

The Attorney General concedes Miranda is entitled to relief, and we agree. This case is not yet final; changes to the law favorable to criminal defendants should be applied retroactively absent evidence to the contrary from the legislative enactment. (*People v. Brown* (2012) 54 Cal.4th 314, 323-324; *In re Estrada* (1965) 63 Cal.2d 740.) SB 136 applies retroactively to non-final judgments. (See, e.g., *People v. Petri* (2020) 45 Cal.App.5th 82, 94.) The sentence enhancement must therefore be stricken.

### II. *Dueñas*

*Dueñas* involved an indigent woman with cerebral palsy who was caught in a never-ending downward spiral of debt because she could not afford to pay court-imposed fines. Each time she came before a court for non-payment of a fine or a fee, another layer of court-ordered debt was piled upon her. The $1,000 per month in government assistance she received went to take care of her two children. She had no bank account, no credit card, no home, and no job (because of her disability). (*Dueñas, supra,* 30 Cal.App.5th at pp. 1160-1161.) As the court stated, "The record in this matter illustrates the cascading consequences of imposing fines and assessments that a defendant cannot pay." (*Id.* at p. 1163.) The court held that due process required a hearing on

3

ability to pay before the trial court could impose court facilities and court operations assessments, and restitution fines must be stayed pending a determination by hearing that a defendant can pay. (*Id.* at p. 1164.)

*Dueñas* has provoked considerable controversy, and the issue is currently before the California Supreme Court, in its review of *People v. Kopp* (2019) 38 Cal.App.5th 47. As one concurring justice observed, "I am reminded of a course presented at the 2014 annual Appellate Court Justice Institute on judicial opinion writing. The course-written materials posed two questions which are here pertinent: 'How will your opinion be misused and have you created more problems than you have solved? Ask yourself how a creative attorney can cite your case for a proposition you never considered?' [¶] If the court in [*Dueñas*] intended that the rule declared therein applied, 'across the board,' to every person sentenced where an appeal was pending, it called for limited reversals in most, if not all, criminal cases. This would entail an expenditure of judicial time and financial resources with little practical benefit. The criminal and juvenile justice systems do not need an additional burden added by the *Dueñas* court. . . . [¶] In my view, the *Dueñas* court did create more problems than it solved and creative attorneys have had a field day. We are deluged with the *Dueñas* issue and it has become what the late Justice William Masterson used to describe as the 'issue de jour.'" (*In re M.B.* (2020) 44 Cal.App.5th 281, 285 (Yegan, Acting P.J., concurring).)

Miranda misrepresents the record when he argues that "[i]n response to the request [based on *Dueñas*], the trial court did not hold a hearing regarding [Miranda's] ability to pay the fine and fees." There was no such request; counsel merely "noted an objection" and then submitted.

Nothing in the record suggests that Miranda's circumstances remotely resemble those of the *Dueñas* appellant, who argued that she was being repeatedly punished for being poor. Miranda got into trouble for picking a fight while he was working on a home construction project. Unlike the *Dueñas* appellant, he has been a

4

wage-earner, and there is no suggestion in the record that he is anything close to indigent, or disabled, or so mired in court-imposed debt that he cannot afford to pay $370 in fees and assessments. Unlike the *Dueñas* appellant, Miranda's criminal history stems from convictions for assault and criminal threats, not from a lack of ability to pay an ever-increasing amount of court fines and fees. Unlike Dueñas, Miranda does not find himself on the wrong side of the law simply for being poor. He has, in fact, an extensive and increasingly violent criminal history extending back to age 16. He is, at present, nearly 36 years old. It is also significant that he was offered a financial hearing to evaluate his ability to pay for his probation report, but he would not cooperate.

## DISPOSITION

The sentence enhancement pursuant to former Penal Code section 667.5, subdivision (b), is ordered stricken, and the case is remanded to the trial court for resentencing. In all other respects, the judgment is affirmed.


BEDSWORTH, ACTING P. J.

WE CONCUR:


THOMPSON, J.


GOETHALS, J.

5